# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTTON FUNDING, LLC,<br><br>                    Plaintiff,<br>  vs.<br>HERMAN Q. CHRISTOPHER,<br><br>                    Defendant. | CASE NO. 09cv2013 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

Plaintiff initiated this suit by filing a complaint in the Superior Court of California for the County of San Diego on August 13, 2009. (Doc. # 1). On September 15, 2009, Defendant, proceeding *pro se*, removed the case to federal court. *Id.* The Notice of Removal states that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* at 2. However, the Notice does not state the citizenship of either party and the attached state court complaint for Unlawful Detainer states on its face that the "Amount Demanded Does Not Exceed $10,000." *Id.* at 10.

On November 10, 2009, the Court issued an Order to Show Cause which stated in part:

> Defendant bears the burden of establishing the "actual existence of subject matter jurisdiction." *See Thompson v. McComb*, 99 F.3d 352, 353 (9th Cir. 1996). "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Defendant has not established Plaintiff's citizenship. LLCs are citizens

| | |
|---|---|
| 1<br>2<br>3 | of the state where they were formed and of any state where a member or owner of the LLC is a citizen. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Subject matter jurisdiction based upon diversity also requires that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). |
| 4<br>5<br>6 | Defendant is ORDERED TO SHOW CAUSE why this case should not be remanded to the state court for lack of subject matter jurisdiction. Defendant shall respond to this order on or before December 7, 2009. To avoid remand, Defendant must establish that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000. |

(Doc. # 6 at 1-2).

Defendant was ordered to respond to the Order to Show Cause on or before December 7, 2009. *Id.* at 2. To date, Defendant has not filed a response. Defendant has failed to establish jurisdiction and has failed to comply with the Court's Order to Show Cause.

IT IS HEREBY ORDERED that the above-captioned action is REMANDED to state court.

DATED: January 6, 2010

**WILLIAM Q. HAYES**
United States District Judge